UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHLEEN V. THYBEN,

   Plaintiff,

v.         CASE No. 8:11-CV-2811-T-30TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

   Defendant.

---

REPORT AND RECOMMENDATION

   The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[1]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, it should be affirmed.

I.

   The plaintiff, who was forty-six years old at the time of the administrative hearing and who has an eighth-grade education (Tr. 27, 35),

---

  [1]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998.  See also Local Rule 6.01(c)(21).

has worked as a deli worker, loan officer, and telemarketer (Tr. 29, 50). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to chronic fatigue; heart problems; swelling of her glands; back, neck, hip, joint, shoulder, and chest pain; and headaches (Tr. 154). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of degenerative disc disease, fibromyalgia, chronic fatigue syndrome, and migraine headaches (Tr. 13). The law judge concluded that these impairments restricted the plaintiff to performing (Tr. 16):

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she needs the option to sit, stand or walk every 45 minutes. She cannot work around heights, repetitively bend, stoop or climb. She needs to work in a temperature-controlled environment. Additionally, she can have no exposure to gases, fumes, temperature extremes, or other toxins.

Based on the testimony of a vocational expert, the law judge determined that these limitations did not preclude the plaintiff from returning to past work as a telemarketer (Tr. 18, 51-52). The law judge therefore decided that the

plaintiff was not disabled (id.).  The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. 423(d)(3), 1382c(a)(3)(D).  The Act provides further that a claimant is not disabled if she is capable of performing her previous work.  42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient

evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff challenges the law judge's decision on two grounds. She argues that the law judge (1) erred in rejecting a treating physician's opinions and (2) failed to give adequate consideration to her subjective complaints (Doc. 15, pp. 11-18). Neither contention warrants reversal.

A. The plaintiff argues that the law judge erred by failing to give substantial weight to the opinions of the plaintiff's pain management physician and neurologist, Dr. Sadaf Bazargan (Doc. 15, pp. 11-15; Tr. 37-38). Dr. Bazargan is a physician at the Pearl Institute for Headache and Neurology. She, and at least one other physician at that office, treated the plaintiff (see Tr. 482). Dr. Bazargan opined in a form titled Medical Opinion Re: Ability to do Work-Related Activities (Physical) ("the Form") (Tr. 451-55) that the plaintiff could lift twenty pounds occasionally, but less than ten pounds frequently, stand and walk about three hours a day, and sit about four

hours a day (Tr. 451-52). She opined further that the plaintiff would need to shift at will and lie down at unpredictable intervals during the workday (Tr. 452). Dr. Bazargan added that the plaintiff's ability to reach, handle, finger, feel, and push and pull are affected by her impairments, and that the plaintiff should never twist, stoop, crouch or climb ladders, and only occasionally climb stairs (Tr. 453). Dr. Bazargan also opined that the plaintiff would be absent from work more than four days per month (Tr. 455).

Dr. Bazargan attributed the plaintiff's functional limitations to joint and muscle pain and swelling, sacroiliatis, a bulging disc in the lumbar spine, facet arthropathy, and rotator cuff syndrome (Tr. 452). She opined that these limitations are permanent, and have been present for more than twelve months (Tr. 454).

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not according them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is

conclusory or inconsistent with the physician's own medical records. <u>Lewis</u>

v. <u>Callahan</u>, 125 F.3d 1436, 1440 (11th Cir. 1997).

The law judge recounted Dr. Bazargan's opinions in the

decision, and, although Dr. Bazargan was a treating physician, he gave "only

some weight" to those opinions (Tr. 17). The law judge explained that he

found the opinions less persuasive because (<u>id</u>.):

> the limitations ... are extreme in nature and go
> beyond the allegations made by the claimant at
> hearing.... Additionally, the doctor apparently
> relied quite heavily on the subjective report of
> symptoms and limitations provided by the
> claimant, and seemed to uncritically accept as true
> most, if not all, of what the claimant reported. Yet,
> as explained elsewhere in this decision, there exist
> good reasons for questioning the reliability of the
> claimant's subjective complaints.

This explanation provides good cause for discounting to some extent the

weight given to Dr. Bazargan's opinions. <u>See</u> <u>Lewis</u> v. <u>Callahan</u>, <u>supra</u>. As

the Commissioner notes, some of Dr. Bazargan's opinions are incorporated

in the law judge's residual functional capacity determination (Doc. 16, p. 10

n. 4). Thus, the law judge's findings correspond with the opinion that the

plaintiff must rise from sitting every forty-five minutes and had postural and

environmental restrictions (see Tr. 452-54). Thus, the law judge discounted only those opinions that would reflect total disability.

With respect to those opinions, the law judge is correct that they are extreme given the medical evidence of record. Thus, Dr. Bazargan's progress notes do not indicate that she imposed any limitations on the plaintiff's functioning (see, e.g., Tr. 335, 338, 340, 344, 459, 471, 475). See Phillips v. Barnhart, supra, 357 F.3d at 1240-41 (good cause to reject treating physician's opinion when it was inconsistent with the doctor's own medical records). The progress notes of the plaintiff's primary physician, Dr. Mahendra Patel, do not include any functional limitations, either (see Tr. 345-62, 397-404).

Further, there are notations in progress notes from Dr. Bazargan's office that medication improved the plaintiff's condition (see Tr. 457, 489) and that the plaintiff was satisfied with the treatment regimen (Tr. 467, 475). For example, a note stated that the plaintiff was improved on her current combination of MS Contin and Oxycodone and "[s]he rates her pain as 3-4/10 on an average" (Tr. 457, 465). In addition, Dr. Bazargan relies partially on an MRI of the plaintiff's lumbar spine to support her opinions of

-8-

disabling impairments (Tr. 452). However, as the law judge noted (Tr. 14), the MRIs of the plaintiff's lumbar spine show only "mild degenerative disc disease" and "mild...disc bulge" with "mild" neural foraminal narrowing and no herniated discs or spinal stenosis (Tr. 462, 473). Thus, the MRIs do not reflect debilitating impairments.

Also, Dr. Bazargan opined that the frequency with which the plaintiff must walk around was every five minutes (Tr. 452). This limitation is obviously extreme, as well as inconsistent with the opinion that the plaintiff could sit for forty-five minutes before changing positions. While Dr. Bazargan most likely did not intend to say that the plaintiff must walk every five minutes, the fact that she did so raises questions about the care with which she filled out the Form.

Furthermore, the law judge pointed out that consultative examiner Dr. Krishna Moorthy did not observe any deformity, pain, swelling, heat, redness, tenderness, or signs of inflammation during her examination of the plaintiff (Tr. 14; see Tr. 304-08). Dr. Moorthy's findings are consistent with those of a hospital physician who found that the plaintiff had a normal range of motion, normal strength, no tenderness, no swelling, and no

deformity (Tr. 416).[2]  See Phillips v. Barnhart, supra (good cause to reject treating physician's opinions that are not consistent with the medical record). In sum, substantial evidence supports the law judge's finding that Dr. Bazargan's opinions of the plaintiff's functional limitations were extreme.

The law judge also considered that Dr. Bazargan opined the plaintiff had greater functional limitations than the plaintiff testified to at the hearing.  Contrary to the plaintiff's argument (Doc. 15, p. 14), there is significant record support for this conclusion.  For example, Dr. Bazargan opined that the plaintiff could only work seven hours daily (see Tr. 451-52), which the vocational expert testified would preclude the plaintiff from employment because the jobs she would qualify for require an eight-hour workday (Tr. 53).  However, the plaintiff testified at the administrative hearing she could remain seated two and one-half hours before changing position (Tr. 48).  This circumstance indicates that, even with just one break, the plaintiff could sit at least five hours during an eight-hour workday (compared to the four hours opined by Dr. Bazargan (Tr. 452)) and, when

---

[2]Further, neither non-examining reviewing physician opined that the plaintiff's records showed disabling impairments (Tr. 316, 323, 369, 376).

combined with the three hours of standing and walking opined by Dr. Bazargan (Tr. 451), the plaintiff was capable of working a typical eight-hour workday. Further, Dr. Bazargan opined that the plaintiff's ability to reach, handle, finger, feel, and push and pull were affected by her impairments (Tr. 453), but the plaintiff did not testify to any such problems (see Tr. 30, 35-36, 48-49). Therefore, the law judge's finding that Dr. Bazargan opined the plaintiff had greater limitations than the plaintiff testified to is supported by substantial evidence.

Finally, the law judge discounted the weight given to Dr. Bazargan's opinions because they were undermined by her apparent reliance upon the plaintiff's subjective complaints, since the plaintiff was found only partially credible (Tr. 17). The law judge could have reasonably inferred that opinions contained in the Form were based heavily upon the subjective complaints that are reported in Dr. Bazargan's notes (see, e.g., Tr. 468, 472, 491). Further, as discussed infra, the law judge stated ample justification for discounting the credibility of the plaintiff's allegations of disabling symptoms and limitations. Therefore, the law judge could reasonably discount the weight given to Dr. Bazargan's opinions because they are undermined by her

reliance on the plaintiff's discredited subjective complaints. In sum, each of the law judge's reasons for discounting Dr. Bazargan's opinions in the Form is adequate and supported by substantial evidence. See Lewis v. Callahan, supra.[3]

The plaintiff argues that Dr. Bazargan's opinions of disabling limitations are supported by the plaintiff's diagnoses of fibromyalgia, chronic fatigue syndrome, and headaches (Doc. 15, p. 12). This contention is groundless because Dr. Bazargan does not identify any of those impairments as the basis for her opinions of disabling functional limitations (see Tr. 452). Rather, Dr. Bazargan identified joint pain, lumbar bulging disc, facet arthropathy, muscle and joint swelling, sacroiliitis, and rotator cuff syndrome as the medical findings supporting her opinions of disabling limitations (id.).

---

[3]The plaintiff contends that the law judge gives inconsistent reasons for rejecting Dr. Bazargan's opinions, arguing that Dr. Bazargan's opinions cannot be both based on the plaintiff's subjective complaints and more restrictive than the plaintiff's testimony (see Doc. 15, pp. 13-14). However, this contention does not consider that the plaintiff's subjective complaints to Dr. Bazargan were likely descriptions of pain and other symptoms, and the Form distinctly requested quantitative opinions regarding functioning, such as how long the plaintiff could stand. Thus, Dr. Bazargan's opinions in the Form are reasonably construed to be her quantitative interpretation of the plaintiff's subjective complaints. In this circumstance, Dr. Bazargan's opinions in the Form could be both based on the plaintiff's subjective complaints, and also more extreme than the plaintiff's hearing testimony, in which the law judge asked the plaintiff to quantitatively estimate her limitations.

Thus, the plaintiff confuses the severe (but not disabling) impairments found by the law judge with the distinct medical bases for Dr. Bazargan's opinions.

Moreover, as the Commissioner argues (Doc. 16, pp. 11-12), disability is not determined by the diagnosis of an impairment. Wind v. Barnhart, 133 Fed Appx. 684, 690 (11th Cir. 2005). Rather, disability is determined by functional limitations from an impairment. Moore v. Barnhart, 405 F.3d 1208, 1213 n. 6 (11th Cir. 2005); McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In this regard, the plaintiff has not cited to any treating physician's opinion that her fibromyalgia, chronic fatigue syndrome, or migraine headaches cause disabling functional limitations. See Sarchet v. Chater, 78 F.3d 305, 307 (7th Cir. 1996)("Some people may have such a severe case of fibromyalgia as to be totally disabled from working ... but most do not"). Therefore, the plaintiff's contention that her diagnoses of migraine headaches, chronic fatigue syndrome, and fibromyalgia compelled the law judge to accept Dr. Bazargan's opinions that the plaintiff suffers from disabling functional limitations is meritless.

In a related argument, the plaintiff contends the law judge's finding that Dr. Bazargan's opinions were extreme "is not supported by the

evidence" (Doc. 15, p. 14). In this regard, the plaintiff cites The Merck Manual and legal authority to show that chronic fatigue syndrome, migraine headaches, and fibromyalgia can cause the functional limitations opined by Dr. Bazargan (id.). In the first place, as just discussed, Dr. Bazargan did not opine that these impairments caused the plaintiff's functional limitations. Moreover, the law judge is not compelled to find the plaintiff disabled based on symptoms that are, as the plaintiff notes, "characteristic" of these impairments (id.). Rather, that determination is properly based on evidence in the plaintiff's record. Therefore, this argument is similarly unpersuasive.

The plaintiff also argues that the law judge improperly rejected Dr. Bazargan's opinions due to a lack of objective medical evidence (id., p. 13). In this connection, the plaintiff cites to caselaw holding that it is improper to reject claims of disabling limitations caused by fibromyalgia, headaches, or chronic fatigue syndrome because objective evidence is absent (id.). See also Moore v. Barnhart, supra, 405 F.3d at 1211; D'Andrea v. Commissioner of Social Security Administration, 389 Fed. Appx. 944, 946 (11th Cir. 2010). That error, however, did not occur here.

Thus, the law judge did not say that he discounted Dr. Bazargan's opinions because they were not supported by objective medical evidence. Rather, as just discussed, he gave different reasons for only giving Dr. Bazargan's opinions "some weight" (Tr. 17).

Moreover, Dr. Bazargan identified in support of her opinions impairments that are established by objective evidence, such as a lumbar disc bulge and sacroiliatis (Tr. 452). Consequently, to the extent the law judge discussed objective findings, that was appropriate.

Therefore, the plaintiff's challenges to the law judge's reasons for discounting Dr. Bazargan's opinions of disabling limitations are unpersuasive.

B. The plaintiff's second argument is that the law judge did not give adequate consideration to the plaintiff's subjective complaints (Doc. 15, pp. 15-18). At the administrative hearing, the plaintiff testified that she cannot work due to back and hip pain, fatigue, concentration and focus problems, and joint and gland swelling (Tr. 30, 35-36, 45). The plaintiff added that she gets headaches everyday and migraine headaches twice a month (Tr. 41). The plaintiff testified that, consequently, she can walk only

"a couple of feet" at a time, stand for 15-20 minutes before sitting, and needs to lie down daily (Tr. 39, 41, 45). She also stated her ability to lift items was limited (Tr. 40).

The law judge summarized the plaintiff's hearing testimony in the decision (Tr. 16). He found the plaintiff's allegations only partially credible with regard to the claimed severity of her symptoms, and that the residual functional capacity for a restricted range of sedentary work properly accounts for allegations supported by the record (Tr. 16-17).

The Eleventh Circuit has articulated a standard for assessing allegations of pain and other subjective complaints. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11ᵗʰ Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of

-16-

claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge properly applied the Eleventh Circuit's pain standard. Thus, the law judge recognized the need to articulate a credibility determination, and referred to the pertinent regulations and Social Security rulings (Tr. 16). He also set forth the controlling principles (id.). This demonstrates that the law judge employed the proper standards. See Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

Significantly, the law judge did not wholly discount the plaintiff's complaints of pain and other subjective symptoms. Rather, the law judge found that the plaintiff was substantially limited to performing only a restricted range of sedentary work. Thus, he credited much of her subjective complaints, but discounted them to the extent that she claimed she was disabled (Tr. 16). Further, the law judge explained that he found the plaintiff only partially credible for the following reasons (Tr. 17):

> [T]he claimant has described daily activities which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations (Exhibit 12E). Next, although the

claimant has received treatment for the allegedly disabling impairments, that treatment has been essentially routine and conservative in nature. The claimant has been treated with prescription medication only and has not undergone any surgery or received any pain injections for her symptoms (Exhibit 11F and 22F). Additionally, the claimant has gone to the emergency room on a few occasions, but has not been hospitalized for any of her conditions since alleged onset date (Exhibit 9F and 20F). Also, in that regard, the claimant has not participated in any treatment with a psychologist or psychiatrist for her allegedly severe mental impairments.[4]

This explanation is sufficient to discount the plaintiff's complaints of incapacitating pain and other subjective symptoms. See, e.g., Wolfe v. Chater, 86 F.3d 1072, 1078 (11th Cir. 1996)(affirming decision to discredit plaintiff's testimony regarding pain based on his daily activities and conservative treatment for his impairments).

The plaintiff argues that two of the law judge's reasons for discounting her credibility are unsupported. The plaintiff argues first that conservative treatment is not a valid basis for discrediting subjective complaints based on fibromyalgia, chronic fatigue syndrome, or migraine

---

[4]It is noted that the plaintiff does not challenge the law judge's determination of her mental residual functional capacity.

headaches because these impairments are not treated with injections or surgery.

However, conservative treatment is unquestionably a valid basis for discounting the plaintiff's allegations of debilitating back pain. The law judge found that the plaintiff had a severe impairment of degenerative disc disease (Tr. 13). In this regard, the plaintiff testified that she experiences back pain all day long, and that her back problems preclude her from returning to work (Tr. 35, 37). The plaintiff, however, receives only medication for her back pain. Significantly, Dr. Bazargan noted that the plaintiff "needs referral to spinal surgeon and come back for injections to lower back S1 and L4 peripheral nerve block" (Tr. 471). Therefore, the law judge could reasonably conclude that the absence of more aggressive treatment, such as injections or surgery, indicates that the plaintiff's back pain was not as limiting as she alleged. See 20 C.F.R. 404.1529(c)(3)(v); 20 C.F.R. 416.929(c)(3)(v) (when determining credibility of subjective complaints, the law judge may consider treatment, other than medication, the claimant receives for relief of pain and other symptoms).

Moreover, since the law judge could reasonably conclude that the plaintiff was exaggerating her symptoms and limitations regarding her back impairment, he could similarly conclude that she was exaggerating her limitations from fibromyalgia, chronic fatigue syndrome, and migraine headaches. And with respect to fibromyalgia, the rheumatologist who diagnosed that condition, Dr. Charles L. Clay, indicated that the plaintiff should return in one month (Tr. 292). There is no indication that the plaintiff ever did return to that rheumatologist, or any other, for treatment of fibromyalgia.

For these reasons, the plaintiff's contention that the law judge impermissibly considered her conservative treatment in determining her credibility lacks merit.

The plaintiff argues, second, that the law judge improperly discounted her credibility on the basis of her daily activities (Doc. 15, pp. 17-18). It is appropriate, of course, for the law judge to consider plaintiff's daily activities in making his credibility determination. See Wilson v. Barnhart, supra, 284 F.3d at 1226; Macia v. Bowen, 829 F.2d 1009, 1011 (11th Cir. 1987). Indeed, the regulations direct that a plaintiff's daily activities be

considered with respect to complaints of pain. 20 C.F.R. 404.1529(c)(3)(i); 20 C.F.R. 416.929(c)(3)(i).

The plaintiff contends that the little housework she performs is not inconsistent with her allegations of disabling impairments (Doc. 15, pp. 17-18). However, the law judge cited to record evidence of the plaintiff's activities that are inconsistent with her complaints of incapacitating symptoms and limitations. Thus, the law judge cites to a Function Report completed by the plaintiff (Tr. 17, citing Exhibit 12E) which stated that the plaintiff cared for two school-age children, a husband with a broken neck, a roommate, and a dog (Tr. 200). Furthermore, the plaintiff affirmed in that functional report that she had "no problem" with personal care, and stated that she "us[u]ally will make all the meals," cleans dishes, and shops monthly (Tr. 200, 201, 202). The plaintiff's substantial household responsibilities are reflected in progress notes from Dr. Bazargan's office, in which the plaintiff "reports a lot of stress in her life due to family care giving responsibility," and that the plaintiff felt "very overwhelmed with a lot of responsibility and care burden" (see Tr. 339, 342). Further, the plaintiff stated that, on a daily basis, she watches television (Tr. 203), talks on the phone with friends, and walks

outside (Tr. 202, 203). In addition, there is evidence that the plaintiff drives.
Thus, although the plaintiff testified under oath that she has never had a
drivers license and relies on others to get around (Tr. 34-35), she told Dr.
Bazargan that she "does drive occasionally but avoids long distance driving"
(Tr. 342). Accordingly, the law judge could have reasonably concluded that
these activities are inconsistent with her claims of debilitating symptoms and
limitations.[5] See Moore v. Barnhart, supra, 405 F.3d at 1212 (upholding a
credibility determination where the law judge "relied on the inconsistencies
between [the plaintiff's] descriptions of her diverse daily activities and her
claims of infirmity"); Hennes v. Commissioner of Social Security
Administration, 130 Fed. Appx. 343, 348-49 (11th Cir. 2005)(alleged severity
of the plaintiff's symptoms belied by her testimony that she does some
household chores).

---

[5]Furthermore, at the hearing the law judge elicited testimony from the plaintiff that she continued to accept unemployment compensation benefits for several months after her alleged disability onset date (Tr. 36-37, 44). The plaintiff's acceptance of unemployment benefits, which requires a representation that she is able and willing to work, see Fla. Stat., §443.091(c)1; Torres v. Florida Unemployment Appeals Commission, 983 So.2d 10 (Fla. App. 2008), also undermines the credibility of the plaintiff's allegation that she was too incapacitated to work.

In sum, there is ample basis in the record for the law judge's conclusion that the plaintiff was not entirely credible. Notably, the law judge did not totally reject the plaintiff's testimony. To the contrary, he found that the plaintiff had severe impairments that greatly restricted her to a range of sedentary work. The plaintiff has not shown that the record compels a reversal with regard to this credibility determination. See Adefemi v. Ashcroft, supra, 386 F.3d at 1027.

IV.

For these reasons, the decision of the Commissioner is supported by substantial evidence and does not contain any reversible error. I therefore recommend that the decision be affirmed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: OCTOBER 29, 2012

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).